Green, J.
delivered the opinion of the court.
This suit is commenced by attachment. The affidavit is in the following words:
“State of Tennessee, Davidson County: — This 25th day of March, 1845, personally appeared before me, Wilkins Tanne-hill, an acting justice of the peace for said county, Oscar F. Noel, agent for James W. Morgan, and made oath, that the steamboat Belle of Nashville, of which Hezekiah H. Newcomb is owner, or one of the owners and master, is justly indebted to the said James W. Morgan in the sum of five hundred and eleven dollars, for fifteen boxes of tobacco, shipped from Cincinnati to Nashville on the 20th of December, 1844, and not delivered, which sum is justly due, and that said Newcomb is about to remove the said steamboat beyond the limits of this State.”
Upon this affidavit an attachment issued, and was levied on the steamboat Belle of Nashville, and the plaintiff in error became the security of Newcomb in the replevin bond. Subsequently a summons was issued at the suit of Morgan vs. New-comb, a declaration was filed and the cause was tried before a jury, who found for the plaintiff $541 66, and the court gave judgment against Newcomb, and against the plaintiff in error, as security in the replevin bond, for the amount found by the jury. At the September term, 1845, of the Circuit Court, the defendant moved the court to quash the judgment, which motion was overruled.
*218 The plaintiff in error, Runyan, alone prosecutes this writ of error. Two errors are assigned here in support of the motion to quash the attachment.
1st. That the affidavit does not alledge, that Newcomb is about to remove his property, but only that he is about to remove the steamboat, the Belle of Nashville; while, for ought that appears, he may have other property here, sufficient to pay the debt.
2d. The cause of action stated in the affidavit, is not a debt, but a breach of contract for the non-delivery of fifteen boxes of tobacco, and an attachment will not lie for unliquidated damages.
This attachment is prosecuted under the act of 1843, ch. 29, sec. 1, which is in the words; “In all cases, where' a debtor, or a defendant in any suit, or judgment, is removing, or about to remove himself or his property beyond the limits of this State, or shall be absconding, or concealing himself, or his property, or effects, it shall be lawful for the creditor or other person, entitled to sue; to obtain an attachment against the property, debts, choses in action, and effects of such debtor, in the same manner, as such process may be obtained against absconding, or nonresident debtors, under the different statutes now in force in this State, and the same proceedings maj be had as in other cases of attachment, except so far as it is altered by this act.”
It may be observed, in relation to the proper construction of this act, that formerly the courts were disposed to construe attachment laws strictly, because, contrary to the common law, they permit a proceeding in court, and judgment against a party, without notice. But these laws seem to be favorites with the legislature; for as often as the court has decided against the validity of an attachment, on account of some defect in the proceedings, or because the case did not fall within the provisions of the law, so often has the legislature amended the law, with a view to meet the case so excluded.
This history of legislation, demonstrating the anxiety of the law making power, to afford this remedy so broadly and with so little restriction as to the form of proceeding, calls upon the *219 courts to adopt such construction as will carry fully into effect the intention of the legislature.
The act before us, is exceedingly broad in its provisions. It authorizes an attachment, if “a debtor, or defendant in any suit, or judgment, is retnoving, or about to remove himself, or' his property, beyond the limits of the State,” at the suit of “any creditor, or other person entitled to sue.”
1. The first objection to this attachment is, that the affidavit designates a particular piece of property only, as being about to be removed. We are inclined to think this statement, if it stood alone, would not be sufficient. The affidavit ought to use the words of the statute, or it should exclude _ the idea, that other properly might still be left by the defendant, within the jurisdiction, amply sufficient to satisfy the demand. But the affidavit, in effect, states, that the defendant is about to remove himself, as well as his property. It states, that Hezekiah H. Newcomb is owner and master of the steamboat Belle of Nashville, and that he is about to remove said steamboat beyond the limits of the State. This statement is equivalent to the assertion, that he is about to remove himself. He is master,- and if he removes his boat, he also removes himself. His relation to the boat as master, connects his own removal, necessarily, with the removal of the boat.
We think, therefore, that it is sufficiently stated, that the defendant, Newcomb, is about to remove himself beyond the limits of the State. And the law authorizes the attachment, if a party is about to remove himself or his property. So that, if it be not sufficiently stated, that he is about to remove his property, it is stated, that he is about to remove himself.
2. As to the second objection, that the affidavit does not stale the existence of a debt, but only of a liability to damages, for the non-performance of a contract. The reasoning, and authorities presented by the counsel for the plaintiff in error, do not apply to the law now under consideration.
This law does not confine the attachment to a debtor, at the suit of a creditor. But it may issue against “debtor, or defendant in a suit,” in favor of a “creditor, or other person entitled to sue.”
*220 There is no restriction as to the cause of action. It is true, this power may be greatly abused; so may all the attachment laws; but as the legislature has thought proper to enact them, and by repeated amendments, to enlarge their provisions, we must give to their language its full meaning.
Affirm the judgment.